IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Terry D. Webb, | ) | C/A NO. 8:09-2057-CMC-BHH |
|      Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| Leroy Cartledge, Warden of McCormick Correctional Institution, | ) | |
|      Respondent. | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On March 3, 2010, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on March 29, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that Respondent's motion for summary judgment should be granted. Petitioner fails to show the decision of the PCR Court's Order "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [ ] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Therefore, Respondent is entitled to summary judgment on Grounds One and Two. Respondent is also entitled to summary judgment on Ground Three for the reasons discussed below.

For purposes of this Order, the court adopts the "Procedural History/Facts" portion of the Report.

**28 U.S.C. § 2254**

As correctly noted by the Magistrate Judge, a federal court's review of a petition for habeas corpus is controlled by the current version of 28 U.S.C. § 2254, which was substantially rewritten with the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Section 2254(a) confers federal habeas jurisdiction for the limited purpose of determining whether a habeas petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(d), added by the AEDPA, imposed a limitation on a federal court's power to grant relief. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)).[1]

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor*, 529 U.S. at 404-05. Thus, this court may issue a writ of habeas corpus pursuant to § 2254(d)(1) if it determines that the state court adjudication of Petitioner's claims was *either* contrary to *or* an unreasonable application of clearly established federal law. When making this determination, this court examines the last reasoned decision by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-02 (1991).

"The phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' requires that federal courts assess the validity of the inmate's claims based on the holdings of the Supreme Court 'as of the time of the relevant state-court decision.'" *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005) (citing *Williams v. Taylor*, 529 U.S. at 412). Under § 2254(d)(1)'s "contrary to" prong, "[a] state-court decision will certainly be contrary to [ ] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in

---

[1] "The inquiry mandated . . . relates to the way in which a federal habeas court exercises its duty to decide constitutional questions; the amendment does not alter the underlying grant of jurisdiction in § 2254(a) . . . ." *Williams v. Taylor*, 529 U.S. 362, 378 (2000) (plurality opinion).

[United States Supreme Court] cases," *Williams v. Taylor*, 529 U.S. at 405, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 405-06. *See also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"The question under AEDPA is [ ] whether the determination of [the state court] was 'an unreasonable application . . . of clearly established Federal law.'" *Renico v. Lett*, ___ S. Ct. ___, 2010 WL 1740525 at * 5 (U.S., May 3, 2010) (quoting § 2254(d)). A state habeas court unreasonably applies clearly established federal law when it "identifies the correct legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. at 413. If the state court's decision was incorrect but still reasonable, § 2254 relief is not available. *Id*. at 411-12. As the Court noted,

> an *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather the application must also be unreasonable.

*Id*. at 409-11. Thus, in order to grant a habeas petition under the "unreasonable application" clause of § 2254(d)(1), the federal court must conclude the state court's adjudication of the prisoner's claims was not only incorrect, but also objectively unreasonable. *Id*. *See also Humphries v. Ozmint*, 397 F.3d 206, 215-16 (4th Cir. 2005).

Relief may be granted under § 2254(d)(2) if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, factual findings by the state court "shall be

4

presumed to be correct," a presumption that will be rebutted only "by clear and convincing evidence." *Id*. § 2254(e)(1). Discussing federal court collateral review of state court factual determinations under § 2254(d)(2), and noting federalism's call for deference, the Supreme Court in *Miller-El v. Cockrell* stated,

> [f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

537 U.S. 322, 340 (2003). Deference, however, does not imply abandonment or abdication of judicial review and does not by definition preclude relief. *See id*. ("A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.").

**Grounds for Relief – One and Two**

Petitioner's First and Second Grounds for relief go to the knowing and voluntary nature of his guilty plea. Both Grounds are based upon alleged deficiencies in the actions of Petitioner's trial counsel, and the alleged ensuing prejudice to Petitioner. Therefore, as both Grounds turn on the alleged actions of counsel, the court reviews Grounds One and Two together.[2]

**Sixth Amendment Violation: Ineffective Assistance of Counsel**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Petitioner must first show

---

[2]Petitioner's success on Ground Two necessarily turns on the actions of his counsel. "He may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

5

that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Petitioner. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). To establish prejudice in the context of a guilty plea, Petitioner must show that "there is a reasonable probability that, but for counsel's error, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This is an objective inquiry, including an evaluation of the strength of the State's case. *See id*, 474 U.S. at 59-60.[3] An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

**Report and Recommendation: Grounds One and Two**

The Report finds that "[r]eviewing the record in light of the PCR Court's credibility findings, it was not unreasonable for the PCR Court to find that the Petitioner failed to meet his burden of showing plea counsel was ineffective." Report at 15 (Dkt. # 19, filed Mar, 3, 2010). Petitioner objects, arguing that the Report improperly focuses on the potential sentence to which Petitioner would have been exposed if he had been found guilty on all the charges which he purportedly was

---

[3]Without an objective analysis, prejudice could be demonstrated by self-serving allegations. Accordingly, Petitioner must at least demonstrate that his allegation has "a plausible foundation in the record." *United States v. Nahodil*, 36 F.3d 323, 327 (3d Cir.1994). He "must make more than a bare allegation that he 'would have pleaded differently and gone to trial.'" *United States v. Horne*, 987 F.2d 833, 836 (D.C.Cir.1993) (quoting *Key v. United States*, 806 F.2d 133, 139 (7th Cir.1986)).

facing at the time he entered his guilty plea. *See* Obj. at 2-3 (Dkt. # 23, filed Mar. 29, 2010). Petitioner maintains that the Report should have instead considered the three (3) letters sent by the Assistant Solicitor which he contends induced his guilty plea. Additionally, Petitioner argues that South Carolina law provides sufficient basis for the granting of habeas relief. *See Ray v. State*, 401 S.E.2d 151 (S.C. 1991).

**Prejudice**

As noted above, to establish prejudice in the context of a guilty plea, Petitioner must show that "there is a reasonable probability that, but for counsel's error, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59. This is an objective inquiry, including an evaluation of the strength of the State's case. *See id*, 474 U.S. at 59-60.

"[S]ometimes it is the nature of the evidence, rather than the acts of the lawyer, that "prejudice" the [Petitioner]." *Meyer v. Branker*, 506 F.3d 358, 370 (4th Cir. 2007). As noted by the PCR Court,

> there was overwhelming evidence of [Petitioner's] guilt. There was videotape involved in this case, which [Petitioner] and counsel reviewed. The record indicates that the tape clearly showed [Petitioner] and a confidential informant engaged in a drug transaction. In addition, Petitioner pled guilty, admitted guilt and informed the plea court that he agreed with the facts presented by the solicitor.

PCR Order at 88-89. Thus, contrary to the situation in *Ray v. State*, *supra*, where the defendant steadfastly maintained his innocence and only pleaded guilty when threatened with a life without parole (LWOP) sentence, Petitioner steadfastly maintained his guilt, only equivocating momentarily as to the substance involved.

During the plea hearing, Petitioner was advised of the penalties which he faced if he decided

7

to plead guilty; was advised that it was a twenty-five year "straight" sentence; admitted under oath several times that he was guilty of the offense and that he "sold dope to an undercover informant . . . ." Attachment to Return, Dkt. # 15-1 at 13 (filed Dec. 23, 2009). The court also advised Petitioner that no matter what discussions he may have had with counsel about parole eligibility, "[n]o one can tell you when, if ever, you will be eligible for parole or under what conditions. You should assume that you will serve the entire time in jail that I sentence you to." *Id*. at 18. Petitioner acknowledged, under oath, that he understood. *Id*.

Although Petitioner attempted to equivocate with the court on whether the substance which he sold to the undercover information was "crack" or "cocaine base," *id*., and later lamented that he was pleading guilty because "[y]ou can't beat the Government[,]" *id*. at 20, there is no objective evidence in the record of Petitioner's plea hearing that Petitioner wished to proceed to trial on this matter. In fact, despite extensive questioning by the court, Petitioner entered a guilty plea after being advised the court would not accept a plea of guilty from an innocent man. Therefore, Petitioner cannot establish the prejudice necessary to warrant relief in this matter on Grounds One and Two.

The PCR Court's Order cannot be said to be "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). Additionally, the reasons cited by the PCR Court provide a sufficient basis for purposes of section 2254(d)(2) to support such a finding of an absence of prejudice. *See Wilson v. Ozmint*, 352 F.3d 847, 860 (4th Cir. 2003).[4] Therefore, Respondent is

---

[4]Petitioner argues in his objections that state law provides a basis to grant habeas relief. However, the applicable standard of review for this court is whether the ruling in question was "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). As noted above, this "requires that federal courts assess the validity of the inmate's claims based on the holdings of the

8

entitled to summary judgment on Grounds One and Two of the petition, and they are dismissed with prejudice.

**Ground Three**

Petitioner's other objection is that his third ground for relief is not procedurally barred from consideration by this court. Petitioner contends he raised this issue by way of oral amendment to his PCR application, but that the PCR court failed to rule upon it. Neither Petitioner nor his PCR counsel filed a motion for reconsideration pursuant to South Carolina Rule of Civil Procedure 59(e).

Ordinarily, failure to pursue reconsideration through Rule 59(e) of the South Carolina Rules of Civil Procedure would operate as an adequate and independent ground to bar this court's consideration of the merits of this claim, as this court may not hear a section 2254 claim if a state court disposed of the claim on adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Bostick v. Stevenson*, 589 F.3d 160, 165 (4th Cir. 2009). This rule protects the state's interest in the finality of its judgments and promotes respect for the state-court system. *Coleman*, 501 U.S. at 750. For a state-law ground to be "adequate," though, it must be applied regularly or consistently. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); *Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003). Where a procedural rule is inconsistently applied, a state's invocation of that rule is viewed as an effort "to thwart federal habeas review of constitutional issues that the 'adequacy' requirement was designed to prevent." *Brown*, 319 F.3d at 170.

---

*Supreme Court* 'as of the time of the relevant state-court decision.'" *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005) (emphasis added) (citing *Williams v. Taylor*, 529 U.S. at 412).

9

In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit determined that as of the time of Bostick's state proceedings, "South Carolina Rule 59(e) was not consistently applied by the state's courts, and [ ] as a result, his failure to comply with the rule" did not prevent him from pursuing the merits of certain of his claims in a § 2254 petition." *Bostick*, 589 F.3d at 164. In *Marler v. State*, 653 S.E.2d 266 (S.C. 2007), the South Carolina Supreme Court had clarified that its previous failure to consistently apply Rule 59(e) was based upon "unique" circumstances, 653 S.E.2d at 267, and that these unique circumstances "do not change the general rule that issues which are not properly preserved will not be addressed on appeal." *Id*.

Petitioner's PCR application was denied by order filed July 10, 2007. The South Carolina Court of Appeals denied Petitioner's petition for writ of certiorari on April 29, 2009.[5] Petitioner's appeal of the denial of his PCR was decided after the date on which the South Carolina Supreme Court clarified its enforcement of Rule 59(e) in *Marler*. However, the South Carolina Supreme Court's use of qualifying language in *Marler* (noting "the *general* rule that issues which are not properly preserved will not be addressed on appeal[,]" *Marler*, 653 S.E.2d at 267 (emphasis added)) and the Fourth Circuit's *Bostick* decision (finding that "at the time [Bostick's] case was decided, the state courts did not distinguish, in any principled way, those cases in which it would apply the rule from those in which it would not[,]" *Bostick*, 589 F.3d at 165) both leave open the question of whether failure to file a South Carolina Rule 59(e) motion in this, or in any other case, precludes this court's consideration of the merits of Petitioner's claim. However, even assuming that after *Marler* failure to file a South Carolina Rule 59(e) motion does not operate to preclude this court's full

---

[5]The petition for writ of certiorari was transferred to the South Carolina Court of Appeals by the South Carolina Supreme Court pursuant to South Carolina Rule of Appellate Procedure 227(l) by order filed July 11, 2008.

10

consideration of Petitioner's claim, Petitioner's claim of prosecutorial misconduct fails on its merits.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), except in narrow circumstances, *Menna v. New York*, 423 U.S. 61, 62-63 n.2 (1975). After entering a guilty plea to the charges against him, Petitioner cannot challenge the alleged constitutional instability in the events occurring before he entered his plea, as the plea acts as a "break in the chain." *Tollett*, 411 U.S. at 267. "He may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)]." *Id*.

Petitioner's claim of prosecutorial misconduct clearly falls within this category of alleged constitutional violations. Additionally, Petitioner's claim that his plea was not knowing and voluntary fails for the reasons discussed above. Therefore, Petitioner's Third Ground for relief fails on its merits, and Respondent is entitled to summary judgment on this Ground for relief.

**Conclusion**

For the foregoing reasons, Respondent's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues

11

satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 2, 2010

C:\Documents and Settings\nac60\Desktop\09-2057 Order.wpd